UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERICA A. LUNDERVILLE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. **C08-5382RBL**<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for January 23, 2009 |

This matter, a complaint to review the Social Security Administrations' decision to deny an application for benefits, has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter to the administrative decision for further consideration.

## INTRODUCTION

This case involves an application for Disability Insurance Benefits that was protectively filed on July 6, 2005 (Tr. 66-68). Mrs. Lunderville originally alleged disability beginning July 15, 2004, the date she stopped working due to a spinal cord tumor (Tr. 70-71). Mrs. Lunderville's application was denied initially and on reconsideration (Tr. 56-58, 52-53). She requested a hearing (Tr. 51). She was able to return to full-time competitive work on February 14, 2007, therefore, prior to the hearing, she amended

her application to request a closed period of disability and benefits for the period from July 14, 2004 to August 15, 2006 (Tr. 106). A hearing was held on September 25, 2007 (Tr. 341-70). On December 4, 2007, the ALJ issued a decision with the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009 (Tr. 22).

2. The claimant has not engaged in substantial gainful activity since July 15, 2004, the alleged onset date (Tr. 22).

3. The claimant has the following severe impairments: status post C2 through T1 laminectomy and resection of an ependymoma with C4 spinal cord injury (Tr. 23).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments (Tr. 23).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work with a restriction from constant keyboarding (Tr. 26).

6. The claimant is unable to perform any past relevant work (Tr. 27).

7. The claimant was born April 14, 1975 and was 29 years old, which is defined as a younger individual age 18-44, on the disability onset date (Tr. 27).

8. The claimant has at least a high school education and is able to communicate in English (Tr. 28).

9. Transferability of job skills is not material to the determination of disability because using the Medical Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (Tr. 28).

10. Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (Tr. 28).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2004 through the date of this decision (Tr. 28).

Mrs. Lunderville requested review of the ALJ's decision and on April 14, 2008, the Appeals Council denied review (Tr. 7-10). The denial of review made the ALJ's decision the final decision of the Commissioner.

Plaintiff's Complaint was filed with the Court on June 13, 2008. She specifically argues: (A) the ALJ erred when he failed to properly consider the July 14, 2005 opinion of Jerry Sullivan, M.D. (Tr. 218); and (B) the ALJ failed to comply with Social Security Ruling 96-8p, when he determined that Mrs.

1  Lunderville's only non-exertional limitation was a limitation from constant keyboarding.  Plaintiff asks

2  that the court remand this case for further proceedings so that the ALJ may assign the appropriate weight

3  to Dr. Sullivan's opinion and so that the ALJ can consider whether Mrs. Lunderville has additional

4  limitations in the use of her hands.

## DISCUSSION

6  This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the

7  proper legal standard and there is substantial evidence in the record as a whole to support the decision.

8  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence

9  as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S.

10 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less

11 than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.

12 Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational

13 interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th

14 Cir. 1984).

15 *A.   THE ALJ FAILED TO PROPERLY CONSIDERED THE MEDICAL EVIDENCE*

16 The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d

17 1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical

18 experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is

19 contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific

20 and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler,

21 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute

22 substantial evidence that justifies the rejection of the opinion of either an examining physician or a

23 treating physician."  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881

24 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's

25 opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the

26 ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from

27 the claimant that conflicted with the treating physician's opinion.

28 Here, on July 16, 2004, Mrs. Lunderville had a C2 through T1 laminectomy at Harborview

Medical Center (Tr. 159). A pathology report after surgery confirmed that she had an "ependymoma, WHO grade 2" (Tr. 159). After the surgery, Mrs. Lunderville developed significant postoperative neurological changes with upper greater than lower extremity weakness, sensory changes and bowel and bladder dysfunction (Tr. 159). Mrs. Lunderville moved to the rehabilitation unit of Harborview on July 22, 2004, where she stayed until September 3, 2004 (Tr. 140). The discharge summary indicated that on discharge she was continuing to have problems with upper extremity strength and with impaired mobility and balance (Tr. 140-41).

On March 18, 2005, Mrs. Lunderville started treatment with Jerry Sullivan, M.D. at Group Health. He gave her permission to return to work starting March 28, 2005, but indicated that she could not perform lifting or pushing over 25 pounds, could not do prolonged standing and walking (Tr. 219-20). In July 2005, Dr. Sullivan wrote:

> I have sent information to the insurance company who does her disability and they requested more information. I sent information saying that she could go back to light duty working 4 hours, walking for an hour at a time, standing for an hour at a time, with breaks in between, as she still has some difficulty with her gait, although she can walk, does not fall. She has some fine motor control problems on her right hand where she has very little sensation. Patient says she can use a keyboard. I am referring the patient now to physical medicine specialists at Group Health for evaluation. I am referring the patient to our physical therapy here for a functional evaluation to see how she is responding to help me fill out these forms that the insurance company is asking.

(Tr. 218). On Dr. Sullivan's referral, Dr. Beck evaluated Plaintiff on September 1, 2005. Dr. Beck confirmed Dr. Sullivan's opinion, stating, "She has limited standing and walking due to fatigue and her neurological deficits. Impaired fine motor coordination in her hands will impact her abilities" (Tr. 214). The Physical Therapist's notes reflect the same (Tr. 210).

The ALJ reviewed the medical evidence of record, and as noted above, he concluded Plaintiff was not disabled based on the finding that she is restricted from doing constant keyboarding. This restriction, however, does not accurately reflect the medical records of Dr. Sullivan or Dr. Beck. After reviewing the matter, the undersigned finds the ALJ's decision is not supported by substantial evidence and the ALJ did not adequately explain why he discounted Dr. Sullivan's, Dr. Beck's and the Physical Therapist's assessment of greater restrictions with Plaintiff's fine motor skills.

The ALJ summarized Dr. Sullivan's findings, but he did not consider how Dr. Sullivan's assessment of Plaintiff's fine motor skills and how this impairment and related fatigue and neurological

deficits impacted her ability to perform the full range of sedentary work. At the time, Mrs. Lunderville reported she could not tell temperature because of lack of feeling in her hands, had no fine motor skills and could not write (Tr. 85, 88, 89). She was not able to button buttons (Tr. 85). The limitations discussed by Dr. Sullivan, Dr. Beck, the Physical Therapist and those alleged by Plaintiff suggest greater restrictions than those assigned by the ALJ, i.e., a restriction from constant keyboarding and fatigue. Significantly, the ALJ does not address those greater restrictions, and thus, he failed to provide any legitimate reason to discount those medical opinions that supported greater restrictions.

The ALJ's error in addressing the medical opinion of Dr. Sullivan carried over to the hypothetical that was posed to the vocational expert. The hypothetical posed at the hearing by the ALJ was based on an erroneous review of the medical evidence. Since it is not clear that a hypothetical was posed that properly addressed Mrs. Lunderville's limitations, a remand for further consideration and testimony is required.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the Administration for further consideration. On remand the Administration should consider the limitations in the use of Plaintiff's hands during the period from July 14, 2004 to February 13, 2007, and it should consider Dr. Sullivan's opinion that she was limited to part time work.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 23, 2009**, as noted in the caption.

DATED this 5th day of January, 2008.

                         */s/ J. Kelley Arnold*
                         J. Kelley Arnold
                         U.S. Magistrate Judge